# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |  | |
|---|---|---|---|
| JOSEPH R. CYR, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| vs. | ) | NO. CIV-19-1029-HE | |
| | ) | | |
| SCOTT CROW, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## ORDER

Petitioner Joseph R. Cyr, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction. On April 16, 2020, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation recommending that petitioner's mixed petition be summarily dismissed, without prejudice to refiling, for failure to exhaust available state court remedies or, in the alternative, that petitioner be allowed to opt to proceed only on the exhausted claims. The Magistrate Judge further recommended petitioner's motion to stay and abate be denied, respondent's motion to dismiss be granted in part and denied in part, and petitioner's outstanding motions be found moot. Petitioner has filed an objection to the Report and Recommendation which triggers *de novo* review.

In the Report and Recommendation, Judge Mitchell concluded that petitioner had not exhausted Grounds VII-XI of his petition and that he therefore had filed a mixed petition. In his objection, petitioner contends the exhaustion requirement for Grounds VII-XI should be excused under 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner asserts the Oklahoma County District Court used its local rule regarding page limits for applications and briefs

to prevent him from filing his post-conviction application in state court. Petitioner further asserts the local rule is not consistently applied and thus renders Oklahoma's corrective process ineffective to protect his rights and his claims therefore fall within the exception to exhaustion set forth in § 2254(b)(1)(B)(ii).

Under § 2254(b)(1)(B)(ii), the exhaustion requirement may be excused when "circumstances exist that render [the state court] processes ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). In this case, the Oklahoma County District Court partially granted petitioner's application to file an oversized application/brief for post-conviction relief and allowed him an additional ten pages, for a total of thirty pages. The court concludes that petitioner would have been able to sufficiently allege his bases for post-conviction relief within the pages allowed and that the state court processes were not ineffective to protect his rights. Accordingly, the exhaustion requirement should not be excused.

Judge Mitchell also concluded in the Report and Recommendation that petitioner had not shown good cause for the court to stay the mixed petition while he completes the exhaustion process. Petitioner contends he has shown good cause to stay and hold this case in abeyance. When a petitioner raises new claims in federal court, the court may, in appropriate circumstances, hold the case in abeyance to allow the petitioner to take his unexhausted claims back to state court for adjudication.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In

> such circumstances, the district court should stay, rather than dismiss, the mixed petition.

Rhines v. Weber, 544 U.S. 269, 278 (2005).

Having reviewed petitioner's filings, the court concludes that while the question is close, petitioner has shown good cause for his failure to exhaust.  Further, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics.  Additionally, in state court, the State of Oklahoma acknowledged "that petitioner has proffered five potentially viable post-conviction claims."  State's Response to Petitioner's Second Motion for Prior Permission to Exceed Twenty (20) Page Limit on Post-Conviction Application, attached as Exhibit 2 to Petitioner's Motion for Stay and Abeyance of Federal Habeas Proceedings [Doc. 20-2] at 3.  It appears any subsequent federal habeas petition filed by petitioner would be untimely, and the unexhausted, potentially meritorious claims would not be reviewed.  Consideration of those claims should be made on a fully developed record in this habeas action after petitioner has fully exhausted his state court remedies.  The court therefore concludes the better approach in this case is to administratively close this case to allow petitioner to return to state court to exhaust his unexhausted claims.

Accordingly, the court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the Report and Recommendation [Doc. #24] and **GRANTS** petitioner's motion for stay and abeyance [Doc. #20].  This case is **ADMINISTRATIVELY CLOSED** to allow petitioner to return to the Oklahoma state courts to seek relief on his unexhausted claims.  Petitioner is directed to file a notice with the court clerk within 30 days of the date of this order showing that he has initiated post-conviction proceedings on his unexhausted claims.

Additionally, petitioner shall notify the court within 30 days of exhausting his state remedies, at which time the court will reopen this case. If petitioner fails to timely comply with these requirements, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 19th day of May, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE