IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH R. CYR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-19-1029-HE |
| | ) | |
| SCOTT CROW, Director of the | ) | |
| Oklahoma Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Joseph Richard Cyr was convicted of two counts of murder in Oklahoma state court based on the deaths of Jaymie Adams and the fetus she was carrying at the time of her death. After a direct appeal and other proceedings in state court, petitioner, proceeding *pro se*, filed this case seeking habeas relief under 28 U.S.C. § 2254. The court referred the matter to U. S. Magistrate Judge Suzanne Mitchell for proceedings consistent with 28 U.S.C. § 636(b).

Initially, this was stayed so that petitioner could exhaust certain claims. Thereafter, Judge Mitchell ordered a response from the state to which petitioner replied. Judge Mitchell has now issued a comprehensive Report and Recommendation addressing each of petitioner's ten grounds for relief and recommending that the petition be denied. Petitioner has objected to the Report's conclusions as to his first, second, fifth, sixth, seventh, and eighth grounds for relief, which triggers *de novo* review as to those grounds. Petitioner has

waived his right to appellate review as to the third, fourth, ninth, and tenth grounds for relief.

Petitioner raised the first six grounds for relief in his direct appeal to the Oklahoma Court of Criminal Appeals. His last four grounds were raised in his application for post-conviction relief. The OCCA affirmed the trial court both on direct appeal and as to the denial of the application for post-conviction relief. As stated more fully in the Report, petitioner is entitled to habeas relief only if the OCCA's adjudication of petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). "[S]o long as 'fairminded jurists could disagree' on the correctness of the decision," habeas relief is unavailable. Harrington v. Richter, 562 U.S. 86, 101 (2011). Further, claims based on state-law errors provide no basis for federal relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner's first ground for relief is that the evidence against him was insufficient to prove guilt beyond a reasonable doubt. He objects to the Report's recommendation that the OCCA reasonably determined that there was sufficient evidence to support his convictions. He emphasizes that the case against him was based entirely upon circumstantial evidence and that the only way the jury could have found him guilty was by stacking inference on inference. A petitioner is entitled to habeas relief if, taking the evidence in the light most favorable to the state, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979).

Whether the evidence is direct evidence or circumstantial evidence does not alter the constitutional standard. Here, the OCCA's application of the Jackson standard, concluding that a rational trier of fact could have found petitioner guilty beyond a reasonable doubt, was not unreasonable under the applicable standard of review. Petitioner's first ground does not make out a basis for relief.

Petitioner's second ground for relief is that the trial court gave an improper jury instruction, violating his right to due process and a fair trial. The challenged instruction addressed the intent element necessary to be proved as to the murder count based on the death of the fetus. A jury instruction violates a defendant's due process rights when it relieves the prosecution of its burden to prove every element of the crime beyond a reasonable doubt. Sandstrom v. Montana, 442 U.S. 510, 523 (1979).

The OCCA addressed this argument on direct appeal and determined that the intent element necessary to convict petitioner of first-degree murder as to the fetus was met through the doctrine of transferred intent. The OCCA determined that Oklahoma's transferred intent rule applied, such that the malice aforethought attributable to Adams transferred to the unborn fetus. That conclusion is one of state law as to which the OCCA's determination is final and binds this court. Therefore, the court agrees with the Report's conclusion that the OCCA's determination — that the prosecution was not relieved of its burden to prove an essential element of the subject offense — was not unreasonable. Plaintiff's second ground does not show a basis for relief.

Petitioner's fifth ground for relief is that his due process right to a fundamentally fair trial was violated by the admission of evidence of prior bad acts. The disputed evidence

3

involved testimony from prior sex partners of petitioner to the effect that, despite their requests or insistence to the contrary, he refused to use a condom during sexual intercourse and that he ejaculated inside them during sex. There was also testimony that, once pregnancy resulted, he asked sexual partners to have abortions. In addition, petitioner objects to the admission of evidence of a text message he sent to a friend which included a link to a graphic video of a cow being slaughtered.

The OCCA concluded that the evidence of petitioner's attitude and conduct as to condoms and ejaculation was properly admitted as it, coupled with evidence of the victim's strong-willed personality, her insistence on condom use and not ejaculating inside here, and the surrounding circumstances, went to the issue of motive. It concluded the evidence as to abortions did not bear on the issue of motive and should not have been admitted, but that petitioner had not demonstrated any prejudice to him from the admission. Similarly, the OCCA concluded the text message from petitioner to a friend sending a link to a video of a cow being slaughtered should not have been admitted but the error was harmless.

As noted in the Report, the question on federal habeas review is whether the admission of the prior bad acts evidence resulted in a fundamentally unfair trial. Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002). Tested against this standard, petitioner has not shown a sufficient basis for relief. The OCCA's determination as to the admissibility of the evidence as to condom usage and the like was not unreasonable. Similarly, its conclusion that the error from admission of the abortion and cow evidence was harmless was not unreasonable in light of the substantial evidence of guilt in the record. Petitioner's fifth ground does not provide a basis for habeas relief.

Petitioner's sixth ground argues that cumulative error by the trial court warrants a new trial. Here, apart from the error as to admission of the prior bad acts evidence referenced above, there is no error to "cumulate." And, as the Report correctly notes, petitioner has made no persuasive showing that admission of that evidence had a "substantial and injurious" impact on the jury's determination of a verdict. Hanson v. Sherrod, 797 F.3d 810, 852 (10th Cir. 2015). Petitioner's sixth ground does not establish a basis for relief.

Petitioner's seventh and eighth grounds for relief assert claims for ineffective assistance of appellate counsel. In the seventh ground, petitioner contends his appellate counsel was ineffective in failing to assert on direct appeal that his trial counsel failed to (1) file a motion to suppress warrants; (2) challenge the veracity of his arrest warrant; (3) file a motion to suppress his cellphone evidence; (4) file a motion to suppress evidence as outside the scope of a warrant; (5) file a motion to suppress evidence from his trucks; (6) challenge for dismissal of his second count; (7) file a motion to suppress cell phone evidence from his girlfriend; (8) obtain expert DNA testimony; (9) object to the publishing of inadmissible hearsay evidence; (10) call an exculpatory witness; (11) investigate and properly cross examine the medical examiner; (12) object to the reading of text messages by a witness; (13) consult with petitioner regarding supplemental jury instructions; and (14) object to prosecutorial misconduct. Petitioner's eighth ground for relief was that appellate counsel was ineffective for failing to raise claims of prosecutorial misconduct.

To show that counsel's performance was ineffective, parties must show that counsel failed to act "reasonably considering all the circumstances" and "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688-94 (1984). Under Strickland, there is a strong presumption that counsel provide adequate assistance and exercise reasonable professional judgment. Cullen v. Pinholster, 563 U.S. 170, 189 (2011). That standard, like the § 2254(d) standard, is "highly deferential and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011).

In denying petitioner's application for post-conviction relief, the state district court properly stated the Strickland standard and noted that petitioner needed to show both that counsel's performance was deficient and that the deficiency caused him prejudice. That court noted petitioner's fourteen subclaims of error and concluded that petitioner had failed to demonstrate prejudice. Doc. #63-14, p. 4 ("Having reviewed each of these challenges, the Court finds Petitioner has not shown a reasonable probability that the outcome of his trial would have been different but for counsels' alleged deficiencies."). With respect to the failure to raise the alleged prosecutorial misconduct, the court stated: "After thoroughly reviewing the challenged comments in the context of the entire record, the Court concludes that Petitioner's trial was not rendered fundamentally unfair by prosecutorial misconduct. By and large, the comments at issue here were within the wide range of latitude afforded both parties and were appropriately based on the evidence and reasonable inferences that could be drawn from it."

The OCCA, after setting forth the proper standards for reviewing claims of ineffective assistance of counsel, affirmed the district court's denial of petitioner's application. Doc. #63-17, p. 4 ("We find no merit in the claim that Petitioner was denied

6

effective assistance of appellate counsel as alleged in his post-conviction application."). It did so in summary fashion but, as the Report correctly notes, AEDPA's deferential standard of review nonetheless applies.

In sum, as the Report noted, both the state district court and the OCCA properly identified the Strickland standard and concluded petitioner was not denied effective assistance of appellate counsel. Petitioner's objection recites various errors he claims the Magistrate Judge made in reviewing those conclusions, but the court concludes they are unpersuasive. Petitioner has failed to establish that, but for the alleged errors, there is a reasonable probability that the results of his trial and application for post-conviction relief would have been different. In light of the doubly deferential standard applicable to claims of ineffective assistance of counsel in this context, the court concludes petitioner's seventh and eighth grounds for relief do not show a basis for habeas relief.

Therefore, for the reasons stated here and in the Report, and after *de novo* review of the matters to which petitioner has objected, the court **ADOPTS** the Report and Recommendation [Doc. #79]. Petitioner's amended petition for habeas relief [Doc. #57] is **DENIED**. Further, the court concludes that a certificate of appealability should not issue because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 7th day of February, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE